IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:   08-81232-CIV-COHN/SELTZER

ALAN BENJAMIN JAET,

    Petitioner,

vs.

IRIS BARZVI JAET,

    Respondent.

_____/

**ORDER GRANTING RESPONDENT'S MOTION FOR APOSTILLED CERTIFIED RECORDS FOR USE IN MEXICAN COURTS**
**ORDER DENYING RESPONDENT'S MOTION FOR TRANSLATED RECORDS**

THIS CAUSE is before the Court upon Respondent Iris Barzvi Jaet's Motions for Apostilled and Translated Court Certified Records and Pleadings [DE's 76 and 78]. The Court has carefully considered the Motions and notes the lack of any opposition to the motions.

Respondent Iris Barzvi Jaet ("Respondent" or "Ms. Barzvi") seeks apostilled and translated transcripts and court records from this proceeding in order for her to participate in child custody litigation in Mexico.  This Court granted Ms. Barzvi's ex-husband's Petition for Return of Minor Children on January 5, 2009.  The Court understood from the parties at a status conference on January 7, 2009 that there is ongoing litigation between the parties in Mexico regarding the custody of the minor children.  On March 30, 2009, this Court granted Ms. Barvi's application to proceed *in forma pauperis* and motion for preparation of transcripts (pursuant to 28 U.S.C. § 753) and certified records from this case at government expense.  The Court found that she required these documents for use in a directly related judicial proceeding in another

country.

Ms. Barzvi obtained certified copies of all filings and transcripts from the Clerk [DE 75]. However, she later represented to chambers staff that upon presentation to the Mexican courts, they were rejected because they needed to be "apostilled" and translated into Spanish. Ms. Barzvi has now filed written motions for the Clerk to perform these actions.[1]

With respect to apostilled records, the Court will rely on Ms. Barzvi's representation that each document must be apostilled to be accepted by the Mexican courts. As further background, at the conclusion of the merits of this Petition to Return Minor Children before this Court, the Court had expressed to both parties that despite the Court's conclusion that the law required the children be returned to Mexico, the Court hoped that the parties and Mexican courts would allow for both parents to be involved in raising the minor children. To that end, this Court will direct the Clerk to apostille each document requested by Ms. Barzvi for use in the Mexican court action.

As for translation, the use of translators in federal court is governed by 28 U.S.C. § 1827. That provision allows for use of translators in proceedings instituted by the United States. In actions between private citizens, the Court does not provide translation. A party must obtain the services of a certified translator on their own, even those having *in forma pauperis* status.

---

[1] The Clerk's office did provide a single "apostilled" statement for the entire batch of documents. Ms. Barzvi represented to chambers staff that the Mexican courts required each document to contain an apostilled statement.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Respondent Iris Barzvi Jaet's Motion to Request All Court Certified Records be Apostilled [DE 76] is hereby **GRANTED**;

2. Respondent Iris Barzvi Jaet's Motion to Request All Court Certified Records be Translated to Spanish [DE 78] is hereby **DENIED**;

3. Respondent shall receive apostilled certified copies of each docket entry for use in the Mexican court system.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 4th day of August, 2009.

*JAMES I. COHN*
United States District Judge

Copies furnished to:

Robert Kohlman, Esq./Effie Silva, Esq.
Iris Barzvi Siso, pro se (by electronic mail)